
DA 12-0370

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2013 MT 77N

IN RE THE MARRIAGE OF:

LYDIA RUTH STARK,

        Petitioner and Appellee,

   and

JONATHAN MATTHEW STARK,

        Respondent and Appellant.

APPEAL FROM:    District Court of the Thirteenth Judicial District,
In and For the County of Yellowstone, Cause No. DR 10-0581
Honorable Russell C. Fagg, Presiding Judge

COUNSEL OF RECORD:

       For Appellant:

           William J. O'Connor, II., O'Connor & O'Connor, P.C.; Billings, Montana

       For Appellee:

           Jill Deann LaRance, LaRance & Syth, P.C.; Billings, Montana

                         Submitted on Briefs:  March 6, 2013
                               Decided:  March 26, 2013

Filed:

_____
                            Clerk

Justice Brian Morris delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Appellant Jonathan Matthew Stark (Jonathan) appeals from that portion of the decree of dissolution of the Thirteenth Judicial District Court, Yellowstone County, that imposed child support obligations upon Jonathan and that divided the parties' marital estate. We affirm.

¶3 Jonathan and Appellee Lydia Ruth Stark (Lydia) married on November 25, 2006. The parties had one minor child born November, 2009. Jonathan worked as an electrician. For the last several years he has run his own sound and lighting installation business. Jonathan reported $24,000 income on his tax returns. The district court imputed income to Jonathan of $45,000 per year based upon its determination that Jonathan voluntarily was under employed and it was reasonable to assume that a journeyman electrician in Montana could earn $45,000 for purposes of calculating Jonathan's child support obligations.

¶4 The district court determined that Jonathan would pay child support to Lydia of $400 per month. This determination resulted in an order of back child support in the amount of $4,539, after adjustments.

¶5 The court further determined that each party should retain the real property in that party's name and should be solely responsible for that associated property. The court

2

awarded Lydia a house located on Country Club Circle. Jonathan received a house located on Fox Drive. Jonathan appeals.

¶6      Jonathan argues on appeal that the district court improperly imputed income to him of $45,000 despite the fact that he had earned $24,000 while operating his own business as reported on his tax returns. Jonathan further argues that the district court failed to apportion equitably the marital assets in that Lydia received a house of significant equity and Jonathan received the Fox Drive house that was burdened with debt. Jonathan further argues that Lydia converted his assets to a retirement fund that the district court improperly awarded in whole to Lydia.

¶7      We review a district court's distribution of marital property and child support award to determine whether the court's findings of fact are clearly erroneous. *Williams v. Williams*, 2011 MT 63, ¶ 11, 360 Mont. 46, 250 P.3d 850. We review for correctness a district court's conclusion of law. *Williams*, ¶ 11. We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our 1996 Internal Operating Rules, as amended in 2006, that provide for memorandum opinions. It is manifest in the face of the briefs and the record before us that substantial evidence supports the district court's findings of fact and its legal conclusions are correct.

¶8      Affirmed.

/S/ BRIAN MORRIS

We Concur:

3

_____
Chief Justice

_____


_____


_____
Justices

4